■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN JOSEPH BOYLE, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered November 3, 1961 after a jury trial, convicting him of robbery in the first degree, and imposing sentence. Judgment affirmed. One of the factors serving to show lack of substance to the claim of prejudicial cross-examination with respect to the commission of a burglary on November 15, 1953, is that defendant was not under 16 years of age as of that time. The minutes of sentence show that he was 24 years of age on November 3, 1961. Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MEDLEY, Also Known as ODIS HYMAN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, entered January 29, 1963 after a jury trial, convicting him upon two counts: (1) criminally carrying concealed upon his person a loaded pistol without the written license therefor, and (2) criminally possessing such a pistol, and resentencing him to serve a term of 2½ to 7 years upon the first count and a term of one year upon the second count, with execution of the latter term suspended. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld and Hopkins, JJ., concur; Hill, J., dissents and votes to modify the sentence, with the following memorandum: On this record the sentence imposed would appear to be excessive. The defendant is a first offender, and there is no proof that the weapon was intended to be used for any unlawful purpose or that any harm was inflicted upon any person. However, the question of the excessiveness of the sentence was not raised, and this court does not have before it all the data (including the probation report) before the Trial Justice at the time he imposed the sentence. Under the circumstances, therefore, the defendant's counsel would be well advised to move for reargument in this court for the purpose of obtaining a review of the sentence. Such motion, if made, should be based upon a complete presentation of all the facts material to the sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MITCHELL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated June 14, 1963, which denied without a hearing his application to vacate a judgment of the same court, rendered November 17, 1952 after a jury trial, convicting him of assault in the first degree (one count) and assault in the second degree (two counts), and imposing sentence upon him as a prior felony offender. Order affirmed. The basis for the relief sought is that at the time of sentence defendant told the court, in the presence of assigned counsel: " I would love to have an appeal but I have no means. I have no way of doing it, so I have to take it." No notice of appeal was filed. In our opinion, the facts relied upon do not furnish an adequate basis for *coram nobis* relief (*People* v. *Kling,* 19 A D 2d 750; *People* v. *Marchese,* 19 A D 2d 728). Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.